UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VENTURA,<br><br>　　　　　Plaintiff,<br>　　v.<br>PATRICK EATON, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00926-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>THIRTY-DAY DEADLINE |

Ruben Ventura ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 11, 2021. (ECF No. 1).

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Plaintiff admits that administrative remedies were available and that he did not file a grievance. (Id. at 3 & 4).

Accordingly, the Court will order Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. Such a dismissal would be without prejudice, so that Plaintiff may be able to refile the action after exhausting administrative remedies, to the extent those remedies are still available to him.

**I.      LEGAL STANDARDS**

Currently, the California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, §§ 3483, 3486. Generally, "[c]ompletion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to a claimant within the Department." Cal. Code Regs. tit. 15, § 3486.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see also Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use…. And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation…. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859-60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## II.    ANALYSIS

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. In his complaint, Plaintiff alleges two claims. For both claims, Plaintiff admits that administrative remedies were available and that he did not file a grievance before filing this action. (Id. at 3 & 4).[1]

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal would be without prejudice. Therefore, if Plaintiff exhausts his administrative

---

[1] Plaintiff does allege that he already caught COVID-19, and that there is thus "nothing else to be done by the Admin remedies." (ECF No. 1, p. 4). However, Plaintiff appears to misunderstand the relevant law. Exhaustion is not required only where the grievance procedure can prevent an inmate from being injured. Instead, it is required regardless of the relief sought and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide *any relief or to take any action whatsoever* in response to a complaint." Booth, 532 U.S. at 736 (emphasis added); see also Ross, 136 S.Ct. at 1857. And here, there are no factual allegations suggesting that the administrative procedure lacks authority to provide any relief or take any action whatsoever.

remedies in the future, he could refile the complaint.

The Court also welcomes Plaintiff to file any documents he believes demonstrates that he has exhausted all available administrative remedies.

### III. CONCLUSION AND ORDER TO SHOW CAUSE

Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. Plaintiff's response may also contain any documents Plaintiff believes are responsive to the exhaustion issue. If Plaintiff fails to file a response the Court may recommend to a district judge that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. Again, if Plaintiff's case is dismissed for failure to exhaust administrative remedies, Plaintiff may refile the complaint after he has exhausted administrative remedies to the extent those remedies are still available to him.

IT IS SO ORDERED.

Dated: **June 16, 2021**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE